IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARCUS WALKER, INDIVIDUALLY,
AND ON BEHALF OF
THE WRONGFUL DEATH BENEFICIARIES OF
DE'AUBREY RAJHEEM ROSCOE,
DECEASED                                                                                               PLAINTIFF

v.                                            CIVIL ACTION NO. 4:20-CV-00156-GHD-JMV

CITY OF INDIANOLA POLICE OFFICER
SHABRIDGET CALDWELL,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY;
CITY OF INDIANOLA POLICE OFFICER
BENNIE MILTON,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;
CITY OF INDIANOLA POLICE OFFICER
REGINA STRONG,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY;
THE CITY OF INDIANOLA, MISSISSIPPI;
MEDSTAT EMS CREW MEMBER JONATHAN UPP,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;
MEDSTAT EMS CREW MEMBER
ANDREW WALDA,
INDIVIDUALL AND IN HIS OFFICIAL CAPACITY;
MEDSTAT EMS, INC.;
AND JOHN DOES 1-5,
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY                            DEFENDANTS

**OPINION AND ORDER DENYING DEFENDANT UPP'S MOTION TO DISMISS**

Presently before the Court is the Motion to Dismiss filed by Defendant Jonathan Upp pursuant to Federal Rule of Civil Procedure 12(b)(5) [71], in response to Plaintiff Marcus Walker's Complaint [1] alleging—individually and on behalf of the heirs and wrongful death beneficiaries of De'Aubrey Rajheem Roscoe, deceased [1 at 1]—violations of the deceased's rights under 42 U.S.C. § 1983 [1 at ¶¶ 33-43] and claiming that the Defendants are liable to the Plaintiff under theories of negligence [1 at ¶¶ 44-63], gross negligence [1 at ¶¶ 126-127, 131], and intentional infliction of emotional distress [1 at ¶¶ 132-136]. In his Motion to Dismiss,

Defendant Upp indicated that the Plaintiff attempted to serve the Defendant by leaving the Summons and Complaint at the Defendant's place of employment, Lifeguard Ambulance Service, which is located at 543 Highway 6 West, Batesville, Mississippi [71]. The Defendant further indicated that the Plaintiff left these documents with the Defendant's brother-in-law, Clay Herbert [*Id.*]. The Defendant stated that his brother-in-law was not his agent authorized to accept service of process on his behalf [*Id.*]. The Plaintiff argues that his process server, Darrell L. Carey, met with Herbert, who then called the Defendant on the phone [76]. According to the Plaintiff, the Defendant instructed Carey to leave the Summons and Complaint with Herbert, who then accepted these documents on the Defendant's behalf [*Id.*]. In support of this contention, the Plaintiff provided an affidavit from Carey in which he testified that he spoke with the Defendant on the phone in the presence of Herbert and that the Defendant instructed Carey to leave the Summons and Complaint with Herbert [75-1]. In response to this contention, the Defendant conceded that he spoke with Carey [78]. However, the Defendant argues that he was not informed as to the substance of the documents, and was only told that Carey had "some papers" for him [78]. However, the Defendant did have "a general sense that the papers may be legal in nature" [78-1 at ¶ 1]. According to the Defendant, he "never intended to confer upon Herbert the authority to accept service of process on his behalf, but merely stated that [Carey] could leave the unidentified papers with Herbert" [78].

## I. **Legal Standards**

The Federal Rules of Civil Procedure state that an individual may be served by following state law for serving a summons in an action brought in courts of general jurisdiction or through one of three alternatives: (1) delivering a copy of the summons and the complaint to the individually personally; (2) leaving a copy of these documents at the individual's dwelling or

usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of these documents to "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). "When service of process is challenged, the serving party bears the burden of establishing its validity." People's United Equipment Finance Corp. v. Hartmann, 447 Fed.Appx. 522, 524 (5th Cir. 2011) (citing Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981)). "The general rule is that '[a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.'" Id. (quoting O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d 1394, 1398 (7th Cir.1993)). "[W]hen considering a motion to dismiss pursuant to Rule 12, the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." Lisson v. ING GROEP N.V., 262 Fed.Appx. 567, 570 n. 2 (5th Cir. 2007).

## II. Conclusion

In light of the signed proof of service [75-1] and the Defendant's admissions that he allowed the Plaintiff's process server to leave the documents with Herbert and that he generally knew that the documents were legal in nature [78-1], the Court finds that service of process was valid. While it was not the Defendant's intent to grant authority as an agent on Herbert, that was nevertheless the effect of his actions when he instructed the Plaintiff's process server to leave the documents with Herbert. For this reason, service of process was sufficient; thus, the Defendant's Motion to Dismiss [71] is DENIED.

SO ORDERED, this, the __31st__ day of March, 2022.

_____
SENIOR U.S. DISTRICT JUDGE