IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARCUS WALKER, INDIVIDUALLY,
AND ON BEHALF OF
THE WRONGFUL DEATH BENEFICIARIES OF
DE'AUBREY RAJHEEM ROSCOE,
DECEASED                                                                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 4:20-CV-00156-GHD-JMV

CITY OF INDIANOLA POLICE OFFICER
SHABRIDGET CALDWELL,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY;
CITY OF INDIANOLA POLICE OFFICER
BENNIE MILTON,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;
CITY OF INDIANOLA POLICE OFFICER
REGINA STRONG,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY;
THE CITY OF INDIANOLA, MISSISSIPPI;
MEDSTAT EMS CREW MEMBER JONATHAN UPP,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;
MEDSTAT EMS CREW MEMBER
ANDREW WALDA,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;
MEDSTAT EMS, INC.;
AND JOHN DOES 1-5,
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY               DEFENDANTS

## ORDER OF DISMISSAL AS TO DEFENDANT ANDREW WALDA

On September 3, 2020, the Plaintiff filed his Complaint [1]. In it, he alleges three primary causes of action: violations under 42 U.S.C. § 1983 [1 at ¶¶ 33-43]; liability under a theory of negligence and a duty to use reasonable and ordinary care when interacting with the Plaintiff's now-deceased brother [1 at ¶¶ 44-131]; and intentional infliction of emotional distress [1 at ¶¶ 132-36]. On September 18, 2020, a Summons was issued for Defendant Andrew Walda, along with separate Summonses for the other named Defendants in the case *sub judice*; this Summons for Walda was addressed to Defendant MedStat EMS Inc., Walda's employer during

the events at the heart of this proceeding [2 at 6]. On October 23, 2020, the Clerk of the Court filed a notice indicating that the Summonses were not served as to either Defendant Jonathan Upp or Defendant Walda [17]. A similar notice was issued on November 23, 2020, though this second notice only pertained to Defendant Walda [31]. A third notice regarding the lack of service for Defendant Walda was issued on December 3, 2020 [42]. To date, the Plaintiff has not requested that summons be issued and, with respect to Defendant Walda, has failed to prosecute this action.

On May 10, 2020, this Court issued an Order to Show Cause directing the Plaintiff to show cause as to why this matter should not be dismissed as to Defendant Walda due to the Plaintiff's failure to serve process adequately and sufficiently prosecute this case [155]. That same day, the Plaintiff filed his Response to the Order to Show Cause [156]. In it, he indicates that he was unable to locate Defendant Walda and admits that he did not move for an extension of time to find Defendant Walda, pursuant for Rule 4(m) of the Federal Rules of Civil Procedure. Since the Plaintiff has indicated that it has no knowledge of Defendant Walda's whereabouts and lacks the ability to gain this knowledge and since the matter has stalled for approximately 20 months with respect to Defendant Walda, the Court finds that dismissal is warranted so as to resolve this matter in a timely fashion and to avoid the prospect of leaving this case open indefinitely.

Accordingly, the Court hereby ORDERS that this matter is DISMISSED WITHOUT PREJUDICE for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED, this, the 12th day of May, 2022.

_____
SENIOR U.S. DISTRICT JUDGE